T.C. Summary Opinion 2012-127

UNITED STATES TAX COURT

GRANT MORGAN WOOD, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20625-11S.                    Filed December 26, 2012.

Grant Morgan Wood, pro se.

<u>Craig A. Ashford</u>, for respondent.

SUMMARY OPINION

SWIFT, <u>Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]All other section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,250 deficiency in petitioner's 2008 Federal income tax. The issue for decision is whether petitioner is entitled to dependency exemption deductions and a $1,500 child tax credit relating to two of his nephews.

## Background

This case was submitted for decision under Rule 122 on the basis of written and orally agreed facts. Petitioner resided in Utah at the time the petition was filed.

During 2008 petitioner worked for a large healthcare provider as an IT specialist and earned a good salary.

Over a period of years including 2008 petitioner regularly and generously sent substantial funds to his divorced brother who lived in Pocatello, Idaho, and who was raising eight children, including two boys under the age of 19.

In 2008 both boys lived in Idaho with their father. Petitioner sent the funds to assist his brother with the substantial costs of raising the eight children and to make it possible for his brother not to lose his home in foreclosure.

At some point, a judge in the Fourth Judicial District Court of Utah County apparently ordered that the boys' father, not the boys' mother, was entitled to claim dependency exemptions for the boys.

On his 2008 individual Federal income tax return, petitioner claimed dependency exemption deductions of $7,000 ($3,500 for each child) and a $1,500 child tax credit with respect to two of his brother's boys.

For 2008 the two boys' mother also filed an individual Federal income tax return on which she claimed dependency exemption deductions and a child tax credit with respect to the boys.

On audit respondent disallowed the dependency exemption deductions of $7,000 and the $1,500 child tax credit petitioner claimed.

## Discussion

Under sections 151(c)(1) and 152(a) and (d)(1) a taxpayer is allowed dependency exemptions with respect to children who, among other requirements, lived with the taxpayer for more than one-half of the year and who received more than one-half of their annual support from the taxpayer.

Petitioner acknowledges that the two boys with respect to whom he claims dependency exemption deductions and a child tax credit lived with their father in Idaho, not with petitioner in Utah. Petitioner also acknowledges that he does not know whether the funds he provided for the support of the boys constituted more than half of their support and, accordingly, has not established as a fact in this case that the support test was met.

Under section 24(a), a taxpayer does not qualify for a child tax credit with respect to a child for whom the taxpayer is not entitled to a dependency exemption deduction.

As reflected in the following dialogue that occurred at the hearing in this case, petitioner seems to acknowledge that under the legal limitations applicable to dependency exemption deductions and the child tax credit, he does not qualify, but he attempts to raise a policy argument against application in his case of these statutory limitations as follows:

The Court: Are you aware of this requirement that, because you're the uncle and they don't live with you, that you're not eligible for the dependency -- for these credit -- exemption and credit?

Petitioner: I wanted to have the Court tell me that it is in the interest of the United States government that I -- instead of providing the support and getting the credit for it, which all of that credit goes back to my brother, instead of doing that, the Government would rather that my brother and his eight kids not be able to make their mortgage payments, get -- lose their house, you know, and then have those kids come and live with me, then I get to qualify for that dependency.

The Court: It doesn't quite follow. You can still send the money to Idaho.

Petitioner: But I'm able -- or more able to do this when I have that credit.

The Court: You can still do it without the credit and the exemption. The Government is not telling you you can't send money to Idaho to help your family and their kids.

Petitioner: I understand that.

The Court: Are you saying you only would send the money because of the credit and the exemptions?

Petitioner: I'm saying that enables me to help them.

The Court: So you'll stop sending the money if you don't get the credit?

Petitioner: I won't be able to send them the credit that I receive.

The Court: You won't be able to send them as much.

Petitioner: Right.

The Court: You can still send them what you can.

Petitioner: Right.

The Court: Well, good for you.

Petitioner's policy argument is hollow. In 2008 and in open and future years, if petitioner's brother is entitled to the dependency exemption deductions and the child tax credit relating to the two boys, as appears likely (depending of course on the facts), petitioner's brother will not need to receive the comparable amounts indirectly through petitioner. Petitioner's brother's Federal income tax liabilities would be reduced as a result of the deductions and the credit, and

petitioner can supplement those amounts by sending additional funds to his brother's family in Idaho.  If the amounts are not comparable because of differences in the tax situations of petitioner and his brother, so be it.  That is something the Federal income tax law does not attempt to guarantee.

We sustain respondent's disallowance of the claimed dependency exemption deductions and the child tax credit with regard to petitioner's brother's two boys.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.